UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULA VICTORIA WHITING,

*Plaintiff*,

v.

MERRILL LYNCH & CO.,

*Defendant*.

Civil Action No. 23-641 (RDM)

**MEMORANDUM OPINION**

On March 8, 2023, Plaintiff Paula Victoria Whiting, proceeding *pro se*, brought this suit against Defendant Merrill Lynch, Pierce, Fenner & Smith Inc,[1] asserting claims relating to a Special Needs Trust Fund ("the trust") that was created for her son, who had been "profoundly disabled since birth." *See* Dkt. 1-1 at 9–10, 13. In May 2006, Plaintiff's son passed away, and, since that time, Plaintiff has received no income from the trust. Instead, the remaining funds in the trust reverted to the District of Columbia, *see* Dkt. 8-1 at 6, consistent with the terms of the trust documents Plaintiff appended to her complaint, *see* Dkt. 1-1 at 17 ("[T]he District of Columbia shall have a reversionary interest in any of the monies remaining . . ."); *see also Lamb v. Millennium Challenge Corp.*, 573 F. Supp. 3d 346, 352 (D.D.C. 2021) ("[A] court may consider documents incorporated by reference in the complaint." (internal quotation marks omitted)).

Plaintiff's complaint is far from clear. She alleges that she is suing the trustee, Judy Chase, Esq., "for [l]ost [f]unds," although Chase is not named as a defendant. Dkt. 1-1 at 9. She

---

[1] The complaint incorrectly identifies the Defendant as Merrill Lynch & Co. Dkt. 5.

also alleges that she is suing "Merrill Lynch & Co. for $705,000.00 . . . that was trusted to them and $100 [m]illion for [p]ain amd suffering that led to los[s] of income spelled out in the Special Need[s] Trust of Jovan Whiting," including "los[s] of house—homelessness, los[s] of children, put in psycho [w]ard for 3 weeks." *Id.* Finally, she alleges that, after her son died in 2006, Chase "cut [her] income . . . from $5000.00 a month to $0;" that Chase "said the money went back to the state;" and that Chase nonetheless "continued to get paid from the trust . . . for 3 years after" her son's death, even though the "trust was supposed to [be] closed." *Id.* at 10.

On March 15, 2023, Defendant moved to dismiss the complaint for failure to state a claim and as barred by the statute of limitations. Dkt. 5. In her opposition brief, Plaintiff asserts that she is suing for "breach of contract and negligence," and she maintains that she (rather than her disabled son) was the one who "sued and won a case against [t]he District of Columbia" and that, as result, she is the one who is entitled to the benefit of the judgment in that case. Dkt. 9 at 3.

Even when proceeding *pro se*, the plaintiff bears the burden of alleging facts sufficient to establish a personal stake in a matter sufficient to sustain the Court's jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice"); *Grayson v. AT&T Corp.*, 15 A.3d 219 (D.C. 2011) (applying federal standing doctrine to actions brought in the D.C. courts).

"Article III of the Constitution limits the jurisdiction of federal courts to 'actual cases or controversies between proper litigants.'" *Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 661 (D.C. Cir. 1996) (en banc)). Establishing standing requires a showing of three elements—injury in fact, causation, and

redressability—which together constitute the "irreducible constitutional minimum of standing." *Siegel v. United States Dep't of Treasury*, 304 F. Supp. 3d 45, 49 (D.D.C. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Here, the complaint fails to allege any facts that might plausibility support Plaintiff's standing to sue. Among other things, the complaint fails to allege a causal connection between any alleged misconduct and any injury Plaintiff has sustained. *See L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 19 (D.D.C. 2020) (quoting *Lujan*, 504 U.S. at 560).

Most notably, Plaintiff seeks relief based on the funds that Merrill Lynch held in the trust and alleges that she has lost her home, lost her children, and was placed in a "Ward" for treatment of a psychiatric condition. But she fails to allege any facts that would support a causal link between any alleged misconduct by Merrill Lynch and these injuries. To the contrary, she alleges that the "trust was supposed to have closed," Dkt. 1-1 at 10, and, indeed, the trust documentation attached to the complaint indicates that the corpus of the trust reverted to the District of Columbia upon her son's death, Dkt. 1-1 at 17 ("[T]he District of Columbia shall have a reversionary interest in any of the monies remaining . . ."). Moreover, Plaintiff does not allege that she was a beneficiary of the trust, and, the attached trust documentation, plainly states that the trust was created "for the sole and exclusive benefit of" Plaintiff's son, *id.* at 13. In short, neither the complaint nor the attached documentation offers the Court with any basis to conclude—or even infer—that Plaintiff has—or ever had—any interest in the trust or the underlying assets.

Nor can the Court rely on the additional allegations found in Plaintiff's opposition brief. It is well established that a party—including a party proceeding *pro se*—may not amend a pleading through an opposition brief. *See, e.g.*, *Sai v. TSA*, 326 F.R.D. 31, 33 (D.D.C. 2018).

Moreover, even if Plaintiff were to add the details included in her opposition brief to her complaint, she would still fail to satisfy the requirements for pleading jurisdiction. She asserts, for example, that she "sued and won [the] case against [t]he District of Columbia" and is "therefore . . . entitled to the funds." Dkt. 9 at 3. The trust documentation that Plaintiff attaches to her complaint, however, makes clear that she brought the suit in her capacity as "next friend and natural guardian of" her son. Dkt. 1-1 at 12. Accordingly, although Plaintiff might well have brought the suit and won the judgment (at least in a manner of thinking), that does not mean that she was the real party in interest or that she now holds—or ever held—a cognizable interest in the settlement or the trust. Although a complaint need not include "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must include more than "[t]hreadbare recitals" of the essential elements of the claim, including standing, and must include more than unsupported legal conclusions, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, however, Plaintiff failed to allege—or even to identify—any facts that would support her standing to sue to enforce a trust that named her deceased son as the beneficiary and that granted a reversionary interest to the District of Columbia.[2]

---

[2] To the extent Plaintiff challenges Defendant's alleged receipt of funds from the trust after her son's death, she lacks standing to bring that claims as well. As has been explained, she has no interest in the funds in the trust after her son's death because the reversionary interest belonged to the District of Columbia. As a result, she suffers no injury if Defendant was wrongly paid from those funds after Plaintiff's son's death.

For these reasons, the Court concludes that the complaint fails to allege facts that, even if accepted as true, might plausibly support Plaintiff's standing to sue. The Court will, accordingly, **DISMISS** the action without prejudice for lack of jurisdiction and will **DENY** Defendant's motion to dismiss as **MOOT**.

A separate order will issue.

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS
United States District Judge

Date: January 23, 2024